IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUGLAS CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV537 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DALE HAHN, GEORGE | ) | **AND ORDER** |
| CROTECH, and ROBERT M. | ) | |
| ZUBER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Dale Hahn and George Crotech, who are owners of OKomaha Real Estate Co., and Robert Zuber, who is Hahn's and Crotech's attorney, for wrongly evicting him from his apartment for failure to pay rent and for keeping his deposit. Plaintiff requests $300,000 for "damage to my name and my valuable things [that] got broken because I had to move my things within a short time 7-days" and for injury to Plaintiff's back. (Filing No. 1 at CM/ECF p. 5 (spelling corrected).)

Plaintiff alleges that he and Defendants Hahn and Zuber reside in Omaha, Nebraska, and that Defendant Crotech resides in Boulder, Colorado.

## II. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). Under this type of jurisdiction, and in order to bring a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants deprived her of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's Complaint does not allege that he is a citizen of a different state than each defendant, nor do Plaintiff's allegations present a "federal question." Therefore, Plaintiff has failed to establish a basis upon which this court may exercise jurisdiction in this matter.

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1.      On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction.  Failure to do so will result in dismissal of this matter without further notice.

2.      The clerk's office is directed to set a pro se case management deadline in this matter: March 7, 2019—Deadline for Plaintiff to file amended complaint.

DATED this 5th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge